

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE JOHN DAVIS TRUCKING COMPANY, INC.,<br><br>Debtor. | |
| STEPHEN R. HARRIS,<br><br>Plaintiff,<br><br>vs.<br><br>SUSAN DAVIS et al.,<br><br>Defendants. | 3:17-cv-00096-RJC<br><br>ORDER |

This is an adversary proceeding, (*see* Adv. No. 16–ap–05033–BTB), arising out of Plaintiff's Chapter 11 bankruptcy case, (*see* In re John Davis Trucking Company, Inc., No. 14–bk–51643–BTB). Defendants Susan Davis, Hanica Insurance Agency, Inc., and Transwestern General Agency, Inc. (hereinafter collectively "Defendants") have asked the Court to withdraw the reference of the adversary proceeding. (Mot. Withdraw Reference, ECF No. 2.) For the reasons given herein, the Court denies the motion.

I. **LEGAL STANDARDS**

The Supreme Court long ago ruled that a judge not afforded the protections of life tenure and irreducible salary given to judges under Article III of the Constitution, such as a bankruptcy

judge, cannot enter final judgments on matters traditionally decided by Article III judges. *See Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004) (citing *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982)). Congress amended the Bankruptcy Code to conform to this ruling, distinguishing "core" bankruptcy proceedings from "non-core" proceedings. *Id.* Congress has enumerated what it considers to be core proceedings, *see id.* (citing 11 U.S.C. § 157(b)(2)), but it has not enumerated non-core proceedings, *see id.* Rather, non-core proceedings are broadly defined as those that "do not depend on the Bankruptcy Code for their existence and . . . could proceed in another court." *Id.* (citing *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997)).

Accordingly, a bankruptcy court may hear and finally determine bankruptcy cases under Title 11, as well as any proceeding arising under Title 11 or arising in a case under Title 11. *See* 11 U.S.C. § 157(b)(1). A bankruptcy court may also hear a non-core proceeding; however, it may not make a final determination. Rather, the court must submit proposed findings of fact and conclusions of law to the district court for *de novo* review. 11 U.S.C. § 157(c)(1). The Ninth Circuit has adopted the Fifth Circuit's reasoning in distinguishing between three types of proceedings: (1) those "arising under" Title 11; (2) those "arising in" a case under Title 11; and (3) those "related to" a case under Title 11, which are the three categories of cases over which district courts have subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b):

> 28 U.S.C. § 157(b) defines core proceedings as ones "arising under title 11, or arising in a case under title 11," and gives a nonexhaustive list of types of core proceedings. "Arising under" and "arising in" are terms of art. They are two of the three categories of cases over which district courts have jurisdiction under 28 U.S.C. § 1334(b). The third category includes cases "related to" a case under title 11. As the Fifth Circuit has explained,
>
>> Congress used the phrase "arising under title 11" to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11 . . . . The meaning of "arising in" proceedings is less clear, but seems to be a reference to those "administrative" matters that arise only in bankruptcy cases. In other

words, "arising in" proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy.

The court concluded: "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but . . . it is an 'otherwise related' or non-core proceeding."

*In re Eastport Assocs.*, 935 F.2d 1071, 1076–77 (9th Cir. 1991) (citations omitted) (quoting *In re Wood*, 825 F.2d 90, 96–97 (5th Cir. 1987) (footnotes omitted)).

Upon motion or *sua sponte* a district court may withdraw, in whole or in part, any case or proceeding under Section 157. 11 U.S.C. § 157(d). A district court must upon timely motion withdraw a proceeding if it determines "that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce ." *Id.* The party moving for withdrawal has the burden of persuasion. *See In re First Alliance Mortg. Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001).

Although a bankruptcy court may not finally determine non-Title 11 issues, the presence of such an issue alone does not mandate withdrawal of the reference. *In re Vicars Ins. Agency*, 96 F.3d 949, 953 (7th Cir. 1996). Rather, withdrawal is mandatory only "in cases requiring material consideration of non-bankruptcy federal law." *Sec. Farms*, 124 F.3d at 1008. Put differently, "mandatory withdrawal is required only when those issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *Id.* at 954. Permissive withdrawal is allowed, however, "for cause shown," 11 U.S.C. § 157(d), which a district court determines by considering "the efficient use of judicial resources (which is enhanced when non-core issues predominate), delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008.

## II. DISCUSSION

Withdrawal is mandatory if the issues in the adversary proceeding require material consideration of non-bankruptcy federal law. The claims in the present Adversary Complaint (professional negligence/malpractice, negligent performance of an undertaking, and breach of fiduciary duty) require only the interpretation of state law. Therefore, withdrawal is not mandatory. The Court may withdraw the reference, however, "for cause shown," after considering the factors of efficiency (which is enhanced when non-core issues predominate), delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.

In their motion, Defendants make multiple arguments for the Court's discretionary withdrawal of this adversary case. Primarily, Defendants assert that the bankruptcy court's lack of authority to make final determinations may lead to the inefficiency of duplicative proceedings in the district court. Of course, this is true. The Adversary Complaint consists entirely of non-core, "related to" claims over which the district court has jurisdiction under 28 U.S.C. § 1334(b) and which the bankruptcy court cannot finally determine because they are not created or determined by Title 11 and are not administrative bankruptcy matters. *See In re Eastport Assocs.*, 935 F.2d at 1076–77. If withdrawal of the reference is denied, the Court may be required to consider all dispositive motions anew, after the Bankruptcy Court has already held any related proceedings, because the Bankruptcy Court does not have the constitutional authority to finally rule on any of the claims. *See Stern v. Marshall*, 131 S.Ct. 2594, 2608–20 (2011). The first and second factors (judicial efficiency, and delay and cost to the parties) therefore weigh in favor of withdrawal. The third factor (uniformity of bankruptcy administration) is not implicated in this case because there are no core claims in the Adversary Complaint. Finally, there is no indication

of forum shopping by either side. Although mandatory withdrawal does not apply, the factors tend to weigh in favor of permissive withdrawal.

In their reply, however, Defendants clarify that they are, in fact, not asking for an immediate withdrawal of the reference. (Reply 3, ECF No. 5 ("Defendants do no seek immediate withdrawal, but rather seek a determination that the matter is to be withdrawn at the time of the jury trial.").) In essence, Defendants do not wish the bankruptcy court to undertake a trial of this case, and would like this Court to issue a preemptive order to take that prospect off the table. However, the law is clear in the Ninth Circuit that "bankruptcy courts cannot conduct jury trials on noncore matters, *where the parties have not consented.*" *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990) (emphasis added). To that effect, the Local Rules of Bankruptcy Practice provide the following procedure:

> (d) Procedure. In any proceeding in which a demand for jury trial is made, the court will, on a motion of one (1) of the parties or on the court's own motion, determine whether the demand was timely made and whether the demanding party has a right to a jury trial. . . .
>
> (e) Consent and withdrawal. Upon the court's determination that the demand was timely made and the party has a right to a jury trial, and *if all parties have not filed a written consent or consented on the record to a jury trial in the bankruptcy court, the bankruptcy court will certify the matter to the district court*. Upon certification, the district court shall open a new civil matter, and shall assign a date for trial. Unless the assigned judge orders otherwise, all proceedings will continue in the bankruptcy court until the matter is ready for trial.

Local R. Bankr. Prac. 9015(d)–(e) (emphasis added).

Here, Defendants have made it abundantly clear, to this Court and the bankruptcy court, that they have not and do not consent to a trial in the bankruptcy court. Therefore, under clear Ninth Circuit precedent and the Local Bankruptcy Rules, the bankruptcy court will be required to certify the matter to the district court at the appropriate time. Withdrawing the reference now, solely for the purpose of ensuring that the trial takes place in the district court, would have the

effect of needlessly circumventing the procedures provided by the Local Bankruptcy Rules, pursuant to which the bankruptcy court should determine, in the first instance, whether a timely jury trial demand had been made and whether the demanding party has a right to a jury trial. Moreover, as explained in Defendants' reply brief, all parties agree that the bankruptcy court should continue to manage and preside over this adversary case until the time of trial. Therefore, withdrawal of the reference at this point in time is contrary to the wishes of the parties, and inconsistent with Defendants' own motion. Thus, it appears that Defendants have put the cart before the horse. In reality, the relief they seek by way of this motion, i.e., that the matter be certified to the district court for trial only, is already granted to them by virtue of the law and rules of procedure applicable to the case.

Accordingly, the Court will deny Defendants' motion to withdraw the reference, in favor of following the ordinary course of treatment for cases such as this where one or more parties has not consented to a jury trial by the bankruptcy court.

## CONCLUSION

IT IS HEREBY ORDERED that the motion (ECF No. 2) is DENIED.

IT IS SO ORDERED.

July 12, 2017.

_____
ROBERT C. JONES
United States District Judge